[No. 31101.   Department One.   October 24, 1949.]

A. L. RICONO, *Respondent,* v. E. G. HOLLENBECK *et al.,*
*Appellants.*[1]

---

[1]Reported in 210 P. (2d) 809.

*James W. Anderson,* for appellants.

*Gagliardi, Ursich & Gagliardi,* for respondent.

GRADY, J.—This action was instituted by the respondent, A. L. Ricono, against the appellant E. G. Hollenbeck (and his wife), to recover rental for his use of a part of a warehouse building as a cabinet and millworking shop; also to recover the value of materials and supplies sold and delivered by him to appellant, and the value of wiring the rented portion of the building for his special use. The appellant, by his answer, denied the material allegations of the complaint, and alleged that he was induced to move his cabinet and millworking shop to the premises of the respondent upon the representation of respondent that he was contemplating the construction of a large number of houses and his promise that he would employ appellant to manufacture the cabinets and millwork for such houses; that, pursuant to such promise, the appellant established his cabinet and millwork shop in one corner of the warehouse and performed cabinet and millwork for him, for which he had not been fully paid; also, that respondent did not build more than three houses and appellant thereby suffered damages for breach of the contract.

The action was tried before the court without a jury and resulted in findings of fact by which the appellant was found to be indebted to respondent in the sum of $2,781.95, and respondent indebted to appellant in the sum of $1,279.41. The court entered a judgment in favor of the respondent for $1,502.54.

The respondent was engaged in the electrical contracting business. He operated an electrical appliance store and had leased a warehouse, where he kept materials and supplies. The appellant was engaged in doing cabinet and millwork and maintained a shop for those purposes.

The parties are not in accord as to their contractual relationship. The appellant claims that he was induced to move his cabinet and millworking shop and equipment into the warehouse building of respondent in order that he might more conveniently perform cabinet and millwork for the latter, and that the relationship of landlord and tenant had never existed between them. The respondent claims that, at the request of appellant, he leased him a portion of the warehouse for a cabinet and millworking shop at an agreed rental of one hundred fifty dollars per month. The appellant moved his shop into the warehouse building and his occupancy commenced June 1, 1946. Rental was paid for the first three months of his occupancy, but he refused to pay any rental thereafter. On March 17, 1947, the respondent excluded him from the building by locking the doors. He was later permitted to remove his shop equipment.

We are in accord with the finding and conclusion of the trial court that the appellant occupied a part of the premises of respondent as his tenant, and that their agreement was that the rental therefor would be one hundred fifty dollars per month. The trial court found that the appellant had occupied the premises from June 1, 1946, through March 31, 1947, and found that a total of $1,050 remained unpaid. The evidence shows that the appellant was locked out of the building on March 17, 1947. This item should be reduced by $70.

The respondent claimed that he had purchased materials and supplies for the appellant because of his ability to secure priorities therefor, which materials and supplies were delivered to his warehouse, and appellant used them for his own purposes. The court awarded respondent judgment in the sum of $1,038.45 for those items. This part of the judgment presents the greatest difficulty in our review of the record. Neither party kept any books or records other than some statements and invoices, which they introduced in evidence. The greater part of the proof submitted was the verbal testimony of respondent and appellant, and much of that was in direct conflict.

The trial judge, who had the witnesses before him, heard them testify, and was aided in making his findings and conclusions by their demeanor, had a better opportunity to make deductions and draw conclusions than we can from the printed record. We have accepted his findings on all issues necessarily determined by the veracity of witnesses, but our examination of the documentary evidence leads us to some conclusions contrary to those reached by the trial court.

In the exhibits introduced in evidence by the respondent in support of his claim for materials and supplies sold and delivered to appellant, we find a large number of items that were more useable in the construction of the three houses built by respondent than would ordinarily be used in the cabinet and millwork done by appellant. Some of those items were five squares of 16″ shingles, 750 board feet of oak shorts (flooring), material for baseboards, and hip and ridge shingles. There are a number of other substantial items which might be useable in cabinet and millwork, but the greater probability is, when we look at the plans for the houses, that such materials and supplies were more useable in building construction. A number of other items fall into a border-line class.

The burden of proof was upon the respondent to establish by a preponderance of the evidence that the materials and supplies were sold and delivered to appellant, and in view of the positive denial on the part of appellant that he had purchased or received such articles for his own use, it was incumbent upon respondent to support his verbal testimony by showing that those supplies and materials not ordinarily used in cabinet work and millwork were actually received and taken by appellant from the warehouse where they were stored. The materials and supplies were delivered to the warehouse, and respondent and his employees had the same access to them as did appellant. The respondent did not have much testimonial knowledge as to whether certain materials were taken and used by appellant, or whether they were taken by employees of respondent and used in the

construction of his three houses, and we must therefore look to the circumstantial evidence, consider probabilities, and draw reasonable inferences.

Among the other circumstances is the fact that respondent was building houses while the appellant was in the business of doing cabinet and millwork, and that appellant made no charge for materials used in the work he did for respondent, but which would have been a proper charge for him to have made if he had used materials on hand in the warehouse and for which he became chargeable. Appellant contended throughout that he had used some of the materials delivered to the warehouse in the work he performed for the respondent, but that he was claiming only labor charges for this work. It should be noted that the judgment charges the appellant for all the materials, but allows an offset only for labor and an item of glass and glazing purchased by appellant.

■ The inclusion in the claim of respondent of so many items we think not properly chargeable to appellant seriously reflects upon the correctness of his exhibits and upon some of his verbal testimony, and to such an extent that we are persuaded to accept the version of the appellant with reference to the materials and supplies.

The court found for respondent on his claim that he had furnished to appellant a multi-plex saw, an electric heater, made him a loan of twenty-six dollars, and did certain wiring peculiar to the needs of appellant. We accept the findings with reference to these items. At the time of the trial, the electric heater was in the possession of respondent, and if he is entitled to judgment for that item the appellant is entitled to have it delivered to him upon request in the same condition it was in when his tenancy was terminated.

■ We are of the opinion that the trial court reached a correct conclusion with reference to the claim made by appellant for damages for breach of contract because of the failure of respondent to construct the number of houses he claims were contemplated. The testimony was conflicting, and the ultimate conclusion to be reached depended upon

the veracity of the witnesses. We find nothing in the record which would justify the substitution of our judgment for that of the trial judge.

The court considered a number of items of counterclaim made by appellant, many of them not being either in any or serious dispute. We have considered the evidence with respect to such items and are in accord with the findings made by the trial court.

The net result of our review of the record is that the allowable claims of respondent amounted to the sum of $1,673.50, and the allowable claims of appellant $1,279.41. The judgment of the court must be modified so as to be in the sum of $394.09, plus taxable costs and disbursements.

The case is remanded to the trial court for a modification of the judgment as herein directed, and as modified shall be affirmed.

The appellant, having obtained a substantial modification of the judgment appealed from, is entitled to his costs and disbursements in this court.

SIMPSON, C. J., BEALS, SCHWELLENBACH, and DONWORTH, JJ., concur.